United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 16, 2007**

Charles R. Fulbruge III
Clerk

REVISED JULY 19, 2007
UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

06-60603

JP MORGAN CHASE & CO;
J. P. MORGAN TRUST COMPANY NA,

Plaintiffs-Appellants,

v.

DELORES CONEGIE,
by and through her next friend Deola Lee,

Defendant-Appellee.

Appeal from the United States District Court for the
Northern District of Mississippi

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:

The Plaintiffs-Appellants, JP Morgan Chase & Company and J. P. Morgan Trust Company ("Chase"), appeal the district court's denial of its motion to compel arbitration. We reverse.

I. BACKGROUND

The Defendant-Appellee, Delores Conegie, suffers from a condition known as Huntington's chorea which causes severe physical and neurological problems, including dementia psychosis. Conegie was admitted to a nursing home in Greenville, Mississippi. The

nursing home admission agreement, which her mother signed on her behalf, contained an arbitration clause. The crux of this case is whether the arbitration clause is enforceable against Conegie as a non-signatory. The district court ruled that Conegie's mother did not have the authority to sign a nursing home admission agreement on her behalf, finding no agency relationship existed.

II.  ANALYSIS

A. STANDARD OF REVIEW

Chase argues that the district court erred in denying its motion to compel. We review de novo a district court's denial of a motion to compel arbitration. *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 337 (5th Cir. 2004).

There is a two-step inquiry to determine whether a party should be compelled to arbitrate. *Washington Mut. Fin. v. Bailey,* 364 F.3d 260, 263 (5th Cir. 2004). This Court must first ascertain whether the parties agreed to arbitrate the dispute. *Id.*  In determining this question, there are two considerations: "'(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.'" *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003). If it is determined that the parties agreed to arbitrate, this Court must determine "whether any federal statute or policy renders the claims nonarbitrable." *Bailey,* 364 F.3d at 263. As previously set forth,

2

the court below found no valid or enforceable agreement.

Generally, principles of state contract law govern the question of whether the parties formed a valid agreement to arbitrate. *Bailey,* 364 F.3d at 264. Here, the parties disagree regarding whether state or federal law applies to the question of whether a non-signatory is bound by an arbitration clause. There is Fifth Circuit precedent applying state law[1] and federal law[2] to this question. We need not resolve this dispute because both Mississippi and federal law compel arbitration.

B. MISSISSIPPI LAW

Subsequent to the district court's decision, the Mississippi Supreme Court issued a decision that controls the disposition of this appeal. *Covenant Health Rehab of Picayune, L.P., v. Brown,* 949 So.2d 732 (Miss. 2007). In that case, Bernice Brown's estate filed a wrongful death suit against a convalescent center. On Brown's behalf, Brown's adult daughter, Sharon Goss, signed the

---

[1] *Fleetwood Enterprises, Inc. v. Gaskamp,* 280 F.3d 1069, 1073 (5th Cir. 2002) (applying Texas state law to the question of whether the non-signatories were bound by the arbitration agreement).

[2] In a footnote, although expressly recognizing this Court's previous precedent applying state law, this Court agreed with the Fourth Circuit's conclusion that "because the determination of whether a non-signatory is bound by an arbitration provision 'presents no state law question of contract formation or validity,' a court should 'look to the federal substantive law of arbitrability to resolve this question.'" *Bailey,* 364 F.3d at 267-68 n.6 (quoting *Int'l Paper v. Schwabedissen Maschinen & Anlagen GMBH,* 206 F.3d 411, 417 n.4 (4th Cir. 2000)).

admission agreement to the convalescent center. Relying on the arbitration clause in the admission agreement, the defendant filed a motion to compel arbitration. The trial court found the arbitration clause unconscionable. On appeal, Brown's estate argued that the agreement was unconscionable because Brown was incompetent and Brown's daughter did not have the authority to bind Brown to the contract. *Id.* at 736.

In support of its argument that her adult daughter had the authority to bind Brown, the defendant-appellant relied on a Mississippi statute. Miss. Code Ann. § 41-41-211. Section 41-41-211 provides:

> (1) A surrogate may make a health-care decision for a patient who is an adult or emancipated minor if the patient has been determined by the primary physician to lack capacity and no agent or guardian has been appointed or the agent or guardian is not reasonably available.

> (2) An adult or emancipated minor may designate any individual to act as surrogate by personally informing the supervising health-care provider. In the absence of a designation, or if the designee is not reasonably available, any member of the following classes of the patient's family who is reasonably available, in descending order of priority, may act as surrogate:

> (a) The spouse, unless legally separated; (b) An adult child; (c) A parent; or (d) An adult brother or sister.

> (7) A health-care decision made by a surrogate for a patient is effective without judicial approval.

There was no declaration by Brown's primary physician that she lacked capacity to manage her affairs prior to the signing of the admission agreement. Nonetheless, the estate had submitted in its

motion that (1) Brown was incapable of managing her affairs and (2) her admitting physician at the hospital found that she did not have the capacity to manager her affairs. *Brown,* 949 So.2d at 736-37. The Mississippi Supreme Court found the estate's admission with the corroboration from her physician sufficient to establish incapacity under the statute. *Id.* The court further stated that Brown's adult daughter "was an appropriate member of the classes from which a surrogate could be drawn, and thus, Goss could contractually bind Brown in matters of health care." *Id.* at 737. The court also rejected the argument that the agreement was unconscionable because it was a contract of adhesion. *Id.*

In the case at bar, Conegie's brief admits that she has been "diagnosed" with dementia psychosis and that she did not have "the the capacity to sign the Admission Agreement." In light of the Mississippi Supreme Court's holding that a similar concession satisfied the statute's required showing, we are persuaded that Conegie's admissions satisfy the statute. Additionally, Conegie's mother was "an appropriate member of the classes from which a surrogate could be drawn." *Id.; see* Miss. Code Ann. § 41-41-211(2)(c). Thus, Conegie's mother "could contractually bind [her] in matters of health care." *Brown,* 949 So.2d at 737. The district court erred in ruling that Conegie's mother could not sign the agreement on Conegie's behalf.

C. FEDERAL LAW

5

Alternatively, assuming federal law applies, we conclude that Conegie is bound as a non-signatory. Chase argues that Conegie was required to arbitrate as a third-party beneficiary of the agreement. To determine whether the third-party beneficiary doctrine applies, this Court looks to the parties' intentions at the time the contract was executed. *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 362 (5th Cir. 2003). Although there is a presumption that parties are contracting only for themselves, it may be rebutted "if the intent to make someone a third-party beneficiary is clearly written or evidenced in the contract." *Id.* (internal quotations marks and citation omitted).

The agreement expressly names Conegie as the resident receiving care and services from the nursing home. Indeed, as Chase points out, in Conegie's complaint she states that the agreement was "with, or on behalf of, Delores Conegie and/or her family, in 2000, wherein Defendants promised to provide basic care for Ms. Conegie." Thus, the parties' intent to make Conegie a beneficiary of the contract is clearly written in the agreement. As a third-party beneficiary, she is bound by the agreement to arbitrate any dispute arising from it.[3]

III. CONCLUSION

In conclusion, we hold that the district court erred in

---

[3] Conegie raises several alternative grounds for affirming the district court's denial of the motion to compel arbitration. We have reviewed her arguments and find them to be without merit.

finding the arbitration agreement unenforceable.  Accordingly, we REVERSE the denial of Chase's motion to compel arbitration and REMAND for entry of an order compelling arbitration.