# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2013

No. 11-10838

Lyle W. Cayce
Clerk

RALPH S. JANVEY,

Plaintiff–Appellee,

v.

JAMES R. ALGUIRE; VICTORIA ANCTIL; TIFFANY ANGELLE; SYLVIA
AQUINO; JONATHAN BARRACK; ALAN BROOKSHIRE; JAMES C.
CHANDLEY; DAVID BRAXTON GAY; GREGORY C. GIBSON; JOHN
GREAR; JASON LIKENS; KALE OLSON; TIMOTHY D. ROGERS; NICK
SHERROD; SUSAN GLYNN; JOHN WHITFIELD WILKS; STEVE
SLEWITZKE; BRAD BRADHAM; NOLAN FARHY; VIRGIL HARRIS; LOUIS
SCHAUFELE; ERIC URENA; BIANCA FERNANDEZ; NANCY J.
HUGGINS, ET AL.,

Defendants–Appellants.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-724

Before BENAVIDES, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ralph S. Janvey (the Receiver), acting in his capacity as receiver for

Stanford Group Company and related entities (the Stanford Entities), filed suit

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-10838

against former employees (the Employee Defendants) of the Stanford Entities, claiming that the Employee Defendants received fraudulent transfers in violation of the Texas Uniform Fraudulent Transfer Act (TUFTA) and were unjustly enriched at the expense of the creditors of the receivership estate. The Employee Defendants moved to compel arbitration in the district court. The district court denied the motions, holding that the Receiver brought the claims on behalf of creditors of the Stanford Entities, rather than the Stanford Entities themselves, and was therefore not bound by the arbitration agreements relied upon by the Employee Defendants. We reverse the district court's denial of the motions to compel because a federal equity receiver may not pursue claims on behalf of creditors.

The current action arises out of a suit by the Securities and Exchange Commission (SEC) against R. Allen Stanford, his associates, and the Stanford Entities, which alleged securities law violations in connection with a Ponzi scheme perpetrated by Stanford. The extensive background facts of this proceeding have been recounted by this court in previous decisions,[1] and we repeat only those facts that are relevant to this appeal.

During the course of the SEC suit, the district court appointed the Receiver and authorized him to commence any actions necessary to recover receivership assets. Acting in this capacity, the Receiver filed the present action and named hundreds of defendants, including the Employee Defendants. In response, the Employee Defendants filed motions to compel arbitration, arguing that their agreements with the Stanford Entities compelled the Receiver to arbitrate his claims.

Before it addressed the motions to compel arbitration, the district court granted a preliminary injunction freezing certain assets of the Employee

---

[1] *Janvey v. Alguire* (*Alguire II*), 647 F.3d 585, 590-91 (5th Cir. 2011); *Janvey v. Adams*, 588 F.3d 831, 833-34 (5th Cir. 2009).

No. 11-10838

Defendants.  On appeal of that order, a panel of this court initially held that the Receiver's claims were not subject to arbitration.[2]  However, the panel subsequently withdrew that opinion, substituted a new opinion which concluded that this court lacked jurisdiction to address the motions to compel, and remanded so that the district court could rule on the motions in the first instance.[3]  On remand, the district court denied the motions to compel arbitration, holding that the Receiver had standing to bring claims on behalf of creditors and therefore was not bound by the arbitration agreements.  This appeal followed.

The primary issue in this appeal is whether the Receiver has standing to bring claims on behalf of Stanford's creditors.  "Th[is] court reviews questions of jurisdiction, and specifically standing, de novo."[4]  Additionally, "[w]e review de novo a district court's denial of a motion to compel arbitration."[5]

The Receiver argues that he has standing to bring suit on behalf of creditors and, therefore, that he is a stranger to the arbitration agreements between Stanford and the Employee Defendants.  However, this argument is foreclosed by this court's recent decision in *Janvey v. Democratic Senatorial Campaign Committee, Inc.* (*DSCC II*),[6] in which we held that "a federal equity receiver has standing to assert only the claims of the entities in receivership."[7]

---

[2] *Janvey v. Alguire* (*Alguire I*), 628 F.3d 164, 182-85 (5th Cir. 2010), *withdrawn, Alguire II*, 647 F.3d 585.

[3] *Alguire II*, 647 F.3d at 603-04.

[4] *Nat'l Fed'n of the Blind of Tex., Inc. v. Abbott*, 647 F.3d 202, 208 (5th Cir. 2011) (citing *Arguello v. Conoco, Inc.*, 330 F.3d 355, 361 (5th Cir. 2003)).

[5] *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008) (citing *JP Morgan Chase & Co. v. Conegie*, 492 F.3d 596, 598 (5th Cir. 2007)).

[6]  712 F.3d 185 (5th Cir. 2013).

[7] *Id.* at 190.

No. 11-10838

In that case, the same receiver who is a party to this case sued a number of national political committees, alleging that political contributions made by Stanford to the committees were fraudulent transfers.[8] The panel originally held that the Receiver "represent[ed] the creditors, via the Stanford corporations, in pursuing the TUFTA claims."[9] Acting on its own motion, the panel withdrew that opinion and issued a substitute opinion to "confront and correct errors of law pertaining to standing and imputed knowledge" contained in the original opinion.[10] The corrected opinion, relying on the Seventh Circuit's decision in *Scholes v. Lehmann*,[11] concluded that because federal receivers have standing only to assert claims of the entities in receivership, the Receiver did not have standing to bring TUFTA claims on behalf of the creditors, but he did have standing to bring those claims on behalf of the Stanford Entities.[12]

In this case, as he did in the *DSCC* case, the Receiver purports to bring fraudulent-transfer claims on behalf of Stanford's creditors rather than on behalf of the Stanford Entities. Under *DSCC II*, he is not permitted to bring such a suit. In *DSCC II*, we affirmed the district court despite its error in misidentifying the basis for the Receiver's standing because that error was ultimately immaterial to the outcome of the case.[13] This case, however, raises an issue not implicated in *DSCC II*: namely, whether the Receiver is required to arbitrate his claims. In bringing the claims on behalf of Stanford's creditors, the

---

[8] *Id.* at 189.

[9] *Janvey v. Democratic Senatorial Campaign Comm., Inc.* (*DSCC I*), 699 F.3d 848, 853 (5th Cir. 2012), *withdrawn, DSCC II*, 712 F.3d 185.

[10] *DSCC II*, 712 F.3d at 189-90.

[11] 56 F.3d 750 (7th Cir. 1995).

[12] *DSCC II*, 712 F.3d at 192.

[13] *Id.* at 192-93, 202.

4

No. 11-10838

Receiver has sought to avoid arbitration of his claims pursuant to the arbitration clauses in the agreements between the Stanford Entities and the Employee Defendants. The district court below relied on its erroneous conclusion that the Receiver was authorized to sue on behalf of creditors in denying the motions to compel arbitration, reasoning that the creditors were "not party to the arbitration agreements."

On appeal, the parties have focused primarily on whether the Receiver has standing to sue on behalf of creditors and not on whether he is bound by the arbitration clauses if he sues, as he must, on behalf of the Stanford Entities. The district court did not address this issue. We therefore remand to allow the district court to consider that question in the first instance.

\* \* \*

For the foregoing reasons, we REVERSE the district court's denial of the motions to compel arbitration and REMAND for further proceedings consistent with this opinion.