# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20072
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 16, 2014

Lyle W. Cayce
Clerk

JOY A. ZINANTE,

Plaintiff - Appellee

v.

DRIVE ELECTRIC, L.L.C.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1820

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Following a house fire allegedly caused by a defective electric golf cart, the home owner, Plaintiff-Appellee Joy Zinante, brought this action against the seller of the golf cart, Defendant-Appellant Drive Electric, L.L.C., in Texas state court. Drive Electric successfully removed the case to federal court. Contending that Zinante is bound by an arbitration agreement provision in the golf cart sales contract, Drive Electric moved to compel arbitration. The

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20072

district court denied Drive Electric's motion to compel and Drive Electric appealed.  For the following reasons, we AFFIRM.

This court reviews a district court's ruling on a motion to compel arbitration de novo.  *JP Morgan Chase & Co. v. Conegie ex rel. Lee*, 492 F.3d 596, 598 (5th Cir. 2007).  The court must compel the parties to arbitrate the dispute if:  (1) the parties agreed to arbitrate the dispute, and (2) no "federal statute or policy makes the claims nonarbitrable."  *Id.*  Because we find that the parties did not agree to arbitrate this or any dispute between them, we do not reach the issue of whether federal law or policy makes the claims nonarbitrable.

"Generally, principles of state contract law govern the question of whether the parties formed a valid agreement to arbitrate."  *Id.*  Here, both parties agree that Texas contract law controls.  Under Texas law, when a party seeks to compel arbitration, that party must establish that a valid arbitration agreement exists.  *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001).  Therefore, Drive Electric must show that Zinante and Drive Electric entered into a valid arbitration agreement.

Zinante's husband, Mark Zinante ("Mark"), who is not a party in this action, purchased the golf cart at issue from Drive Electric over the internet.  Drive Electric alleges that, in the course of this transaction, Mark electronically consented to Drive Electric's "Terms & Conditions" of sale, including a provision entitled "Arbitration" that states "any and all claims or disputes arising from or relating to this agreement shall be submitted to binding arbitration before the American Arbitration Association in the State of Arizona."

Even if we assume that the arbitration clause in those Terms & Conditions constituted an enforceable arbitration agreement against Mark, who purchased the cart online, Drive Electric does not allege that Zinante

2

herself agreed to arbitrate. Rather, Drive Electric argues that Zinante is bound to the arbitration agreement between her husband Mark and Drive Electric under either of two theories—the equitable doctrine of estoppel and the third-party beneficiary doctrine.

Drive Electric first argues that, because Zinante is suing on the underlying contract, equity estops her from arguing that any terms of the contract, including the arbitration clause, do not apply to her. *See FirstMerit Bank, N.A.*, 52 S.W.3d at 755-56. Under the equitable doctrine of estoppel, "a litigant who sues based on a contract subjects him or herself to the contract's terms." *Id.* at 755. Zinante is suing under theories of negligence[1] and gross negligence,[2] and, thus, a sales contract between Mark and Drive Electric are not relevant to this lawsuit. *Cf. Nationwide of Bryan, Inc. v. Dyer*, 969 S.W.2d 518, 521 (Tex. App. 1998) (noting that a non-signatory spouse suing for claims related to a sales contract, breach of contract, breach of warranty, and violations of the Deceptive Trade Practices Act, derived her right to sue from the contract). Likewise, Zinante does not rely on or assert any terms of the contract in her complaint.[3] Therefore, by asserting these claims she is not

---

[1] The Supreme Court of Texas has identified three elements for a negligence claim: "1) a legal duty owed by one person to another; 2) a breach of that duty; and 3) damages proximately resulting from the breach." *Greater Houston Transp. Co. v. Phillips*, 801 S.W2d 523, 525 (Tex. 1990). The legal duty element encompasses "risk, foreseeability, and likelihood of injury." *Id.* Here, Zinante does not contend that the contract between Mark and Drive Electric created the legal duty that Drive Electric owes her.

[2] The Supreme Court of Texas has identified two elements for a gross negligence claim: (1) extreme risk; and (2) conduct with "conscious indifference to the rights, safety, or welfare of others" despite "actual, subjective awareness of the risk." *Mobile Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). Here, the sales contract between Mark and Drive Electric does not relate to either element of gross negligence.

[3] In her original state court petition Zinante sued Drive Electric for negligence, gross negligence, violation of the Deceptive Trade Practices Act, and common law fraud. However, after Drive Electric removed the case to federal court and moved to compel arbitration under the arbitration clause, Zinante amended the complaint to remove the Deceptive Trade Practices Act and common law fraud causes of action, asserting only negligence and gross

No. 14-20072

subjecting herself to the terms of the contract and the doctrine of estoppel does not apply.

Despite the absence of any claims asserted under the contract, Drive Electric contends that pursuant to a variation of equitable estoppel—the doctrine of "intertwined claims"—Zinante is suing on the contract. *In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d 185, 193-94 (Tex. 2007); *Cotton Commercial USA, Inc. v. Clear Creek Indep. Sch. Dist.*, 387 S.W.3d 99, 105 (Tex App. 2012). Under the intertwined claims doctrine, when a *non-signatory defendant* has a "close relationship" with a signatory to a contract that contains an arbitration agreement, a court can compel the non-signatory defendant to arbitrate disputes that are "intimately founded in and intertwined with the underlying contractual obligations." *Cotton Commercial USA, Inc.*, 387 S.W.3d at 105 (quotation omitted). The doctrine does not apply here because Zinante is a *non-signatory plaintiff* who is suing a party that alleges an arbitration agreement exists with her, a third-party. Moreover, as discussed, Zinante's claims are neither derived from, nor intertwined with, the terms of the contract between Mark and Drive Electric so the doctrine of equitable estoppel does not bind her to the terms of the contract.

Drive Electric next argues that Zinante is bound to the terms of the contract, including the arbitration provision, as a third-party beneficiary to the

---

negligence claims. If Zinante was suing for fraud and violations of the Deceptive Trade Practices Act, the question of whether she derived her right to sue from the contract may come out differently. *See Nationwide of Bryan, Inc.*, 969 S.W.2d at 519, 521. But, the lawsuit before us does not include fraud or deceptive trade practices because Zinante amended her complaint. *See Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 101 (5th Cir. 1993) ("To the extent that [the plaintiff's original pleading] did make a 'judicial confession,' that confession was amended away."); *see also West Run Student Housing Asscs., L.L.C. v. Huntington Nat. Bank*, 712 F.3d 165, 171-72 (3d Cir. 2013) (listing examples of recognition by this and other circuits that a judicial admission or concession in a pleading may be withdrawn by a subsequent amendment). Accordingly, none of Zinante's claims derive from the contract and she has not subjected herself to the terms of the contract by asserting these claims.

4

contract.  A third-party beneficiary is "one for whose benefit the contract was made" and "not one who is benefited only incidentally by the performance of the contract." *MCI Telecomm. Corp. v. Texas Util. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999).  Texas law presumes that parties to an agreement "contracted for themselves unless it 'clearly appears' that they intended a third party to benefit from the contract." *Id.*  The contract must "clearly and fully spell[] out" third-party beneficiary status.  *Id.*  Third-party beneficiary status cannot be created by implication.  *Id.*

Drive Electric offers no evidence that Mark intended for his spouse, Zinante, to benefit from his purchase of the golf cart.  Instead, Drive Electric contends that Zinante is bound to the sales contract as the wife of a signatory because the purchase of the golf cart benefits the community estate.  Drive Electric points to no case law that supports finding third-party beneficiary status based solely on the basis of shared community property.

Texas law does not confer third-party beneficiary status *automatically* upon one spouse when the other spouse enters a sales contract.  *Compare In re Conseco Fin. Serv. Corp.*, 19 S.W.3d 562, 571 (Tex. App. 2000) (noting that a non-signatory wife of a signatory to a mobile home sales contract that included an arbitration agreement is not bound to the agreement and, therefore, is not compelled to arbitrate *her* claims against the mobile home seller) *with Nationwide of Bryan, Inc.*, 969 S.W.2d at 520 (compelling a non-signatory wife of a signatory to arbitrate breach of contract and related claims because she derived her standing to sue *from the contract* that contained the arbitration clause).  Accordingly, the spousal relationship alone does not make Zinante a third-party beneficiary to the contract.  Furthermore, as discussed, Zinante's claims of negligence and gross negligence do not derive from or relate to the contract.  Therefore, Drive Electric failed to establish that Zinante is bound to

the terms of the contract, including the arbitration agreement, as a third-party beneficiary.

In conclusion, Zinante is neither a third-party beneficiary of the underlying contract that contained the arbitration agreement, nor does the doctrine of equitable estoppel compel arbitration here. Therefore, the district court's denial of Drive Electric's motion to compel arbitration is AFFIRMED.