# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50353
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2020

Lyle W. Cayce
Clerk

STEPHEN HISER, Individually and on behalf of all others similarly situated;
DANA ACE, Individually and on behalf of all others similarly situated,

Plaintiffs – Appellees,

v.

NZONE GUIDANCE, L.L.C.,

Defendant – Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-1056

Before JONES, CLEMENT, and OLDHAM, Circuit Judges.

PER CURIAM:*

NZone Guidiance, L.L.C., an oil and gas services company, appeals from the denial of its petition to compel arbitration. *See* 9 U.S.C. §§ 4, 16(a)(1)(B). NZone hired Hiser and other workers through RigUp Inc., a workforce bidding platform. When those workers brought suit against NZone, NZone moved to compel arbitration based on an agreement between the workers and RigUp. We review *de novo* a district court's denial of a motion to compel arbitration.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50353

*Auto Parts Mfg. Miss., Inc. v. King Const. of Houston, L.L.C.*, 782 F.3d 186, 196 (5th Cir. 2015). "We may affirm the district court's judgment on any basis supported by the record." *Hays v. HCA Holdings, Inc.*, 838 F.3d 605, 608 (5th Cir. 2016) (internal quotation marks and citation omitted).

First, NZone argues that the district court erred by answering the question of arbitrability, instead of reserving it for the arbitrator. The district court rejected NZone's argument because, among other reasons, NZone did not raise it in its opening petition to compel. We agree with the district court that NZone thereby forfeited the argument. *See Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010).

Second, NZone argues the district court should have relied on the doctrine of equitable estoppel to compel arbitration. Our review is for abuse of discretion—that means either an erroneous application of law, or an assessment of evidence that is "clearly erroneous." *Auto Parts Mfg. Miss., Inc.*, 782 F.3d at 196. And our review is governed by Texas contract law. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Hays*, 838 F.3d at 609 n.1.

In the arbitration context, the Texas Supreme Court has distinguished between two different kinds of equitable estoppel: concerted misconduct estoppel and intertwined claims estoppel. *See In re Merrill Lynch Tr. Co. FSB*, 235 S.W.3d 185, 193–94 (Tex. 2007). And it "disallow[ed] the former while noting the relevancy and value of the latter." *Hays*, 838 F.3d at 611 n.5; *see also Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 814 F.3d 300, 305 (5th Cir. 2016) (recognizing that "[t]he concerted misconduct estoppel theory is foreclosed" under Texas law). NZone's petition to enforce arbitration was unclear on which estoppel theory it purported to invoke. But it relied heavily on *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524 (5th Cir. 2000), a case that involved concerted misconduct estoppel, *see Hays*, 838 F.3d at 610–11 n.4.

2

No. 19-50353

Since the Texas Supreme Court has rejected that theory, the district court correctly refused to apply it here. NZone cannot avoid that result by arguing for the first time on appeal that it really meant to invoke *Grigson* for intertwined claims estoppel. *See, e.g.*, *Coury v. Moss*, 529 F.3d 579, 587 (5th Cir. 2008).

Third, NZone argues the district court should have relied on the doctrine of direct benefits estoppel to compel arbitration. "This estoppel theory precludes a plaintiff from seeking to hold the non-signatory liable based on the terms of an agreement that contains an arbitration provision while simultaneously asserting the provision lacks force because the defendant is a non-signatory." *Jody James Farms, JV v. Altman Group, Inc.*, 547 S.W.3d 624, 637 (Tex. 2018). But in Texas, "when the substance of the claim arises from general obligations imposed by state law . . . or federal law, direct-benefits estoppel is not implicated even if the claim refers to or relates to the contract or would not have arisen but for the contract's existence." *Id.* (internal quotation marks and citation omitted). The plaintiffs here are individual workers who signed agreements with RigUp and performed services for NZone. Their claims against NZone arise under the federal Fair Labor Standards Act. So any "liability arises from general obligations imposed by [that] law." *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 132 (Tex. 2005). Because the plaintiffs' overtime claims are based on a right conferred by federal law, the plaintiffs do not seek a benefit from their agreements with RigUp, and NZone could not compel arbitration under direct benefits estoppel.

Fourth and finally, NZone argues that it is a third-party beneficiary of the agreements between RigUp and the individual workers and can thus enforce the arbitration provision. Under Texas law, "[t]here is a presumption against conferring third-party beneficiary status on noncontracting parties." *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 420 (Tex. 2011)

No. 19-50353

(internal quotation marks and citation omitted). "[O]nly a clear expression of the intent to create a third-party beneficiary can overcome that presumption." *First Bank v. Brumitt*, 519 S.W.3d 95, 103 (Tex. 2017). "It is not enough that the third party would benefit—whether directly or indirectly—from the parties' performance, or that the parties knew that the third party would benefit." *Id.* at 102. Instead, the party seeking to establish third-party-beneficiary status must show that contracting parties "intended to grant the third party the right to be a 'claimant' in the event of a breach." *Id.* Courts making such a determination consider only the language of the contract, construed as a whole, and any doubt is resolved against conferring such status. *Id.* at 102–03.

Here, the arbitration provision is framed in terms of "resolving disputes between *you and RigUp*." It says "[a]ny arbitration between *you and RigUp* will be settled under the Federal Arbitration Act," and it says that either "*you or RigUp* may commence an arbitration proceeding." (Emphases added). That language does not confer on NZone the right to enforce the arbitration agreement.

AFFIRMED.